IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONNIE FENN, 212 548 | * |
|     Plaintiff, | * |
|         v. | * CIVIL ACTION NO. 2:05-CV-461-T |
| | WO |
| TERRY S. KING, *et al.*, | * |
|     Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff files this 42 U.S.C. § 1983 action against the Honorable Burt Smithart and probation officer Terry King. He alleges a violation of his right to due process as a result of his failure to receive a prompt revocation hearing. According to the complaint, on September 11, 2002 Defendant King issued a "complaint" for Plaintiff's failure to report. The day after Defendant King's complaint was issued, Defendant Smithart issued an arrest warrant due to Plaintiff's failure to appear for a revocation hearing which Plaintiff asserts was scheduled for the same day Defendant King's complaint was issued. For relief, Plaintiff requests "settlement and relief and discussion on habeas corpus 2:04-CV-474-F - 2:05-CV-681-F." While Plaintiff's complaint is not a picture of clarity, his claim that he was denied due process when he failed to receive a prompt revocation hearing may not proceed in this action against the named defendants. The court, therefore, concludes that dismissal of the complaint

prior to service of process is appropriate under 28 U.S.C. §1915(e)(2)(B).[1]

DISCUSSION

*1. Defendant King*

Defendant King is a probation officer. Plaintiff's complaint, however, fails to allege any actionable conduct by this Defendant. The fact that Defendant King issued a "complaint" due to Plaintiff's failure to report, without more, fails to state a claim of constitutional magnitude. With regard to Plaintiff's claim of an allegedly untimely revocation hearing, there is no indication much less allegation that Defendant King was responsible for scheduling any court appearances associated with the decision to revoke Plaintiff's probation.[2] The undersigned, therefore, finds that the complaint, as pled, does not support a cause of action against Defendant King.

*2. Defendant Smithart*

Plaintiff appears to allege that Judge violated his constitutional rights when he failed to hold a timely revocation hearing. The conduct about which Plaintiff complains emanates

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Defendant King's filing of a "complaint" with respect to Plaintiff's failure to adhere to the terms of his probation did nothing but initiate regularized judicial procedures which may or may not result in probation revocation. Such conduct by a probation officer would not actually even prompt a probation revocation hearing unless a judicial officer issues further appropriate orders.

from judicial actions taken by Judge Smithart in his capacity as a circuit judge. The law is well-settled that state judges are absolutely immune from damages liability when sued under 42 U.S.C. § 1983 for actions taken in the course of their judicial duties. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986). Thus, to the extent Plaintiff seeks damages against Judge Smithart for his actions, such claim is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To the extent that Plaintiff seeks declaratory and/or injunctive relief for actions taken by Judge Smithart, this court lacks jurisdiction to render such judgment. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court decisions in particular cases arising out of state court proceedings even if those challenges allege that the court's action was unconstitutional. *Cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court. *See Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Furthermore,

as a result of the passage of the Federal Courts Improvement Act ("FCIA") in 1996, 42 U.S.C. § 1983 was amended to state that "... in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (amended Oct. 19, 1996 by Pub.L. 104-317, Title III, § 309(c), 110 Stat. 3853); *see also Kuhn v. Thompson*, 304 F. Supp.2d 1313, 1322 (M.D. Ala. 2004). Plaintiff neither alleges that Judge Smithart violated a declaratory decree nor that declaratory relief is unavailable. Accordingly, Plaintiff's complaint for declaratory and/or injunctive relief against Defendant Smithart is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B).

*3. The Habeas Claim*

To the extent Plaintiff seeks to challenge the validity of his current detention due to the matter made the subject of this complaint, his action must be dismissed under the Supreme Court decision in *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In that case, the Court held that a state prisoner who challenges the fact or duration of his confinement and seeks an immediate or speedier release may not seek such relief in a § 1983 action but must file a petition for writ of habeas corpus. *See also Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).

CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 6, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of May, 2005.

                         **/s/ Delores R. Boyd**
                         DELORES R. BOYD
                         UNITED STATES MAGISTRATE JUDGE